**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ASIF SIDDIQUI, et al.

                  **Plaintiffs,**

      **v.**                                  **1:06-cv-1396-WSD**

THOMAS E. WADE, et al.

                  **Defendant.**

## OPINION AND ORDER

This is an action filed by Plaintiffs[1] Asif Siddiqui and Rizi Aznita

("Plaintiffs") against Defendants under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1983, 42 U.S.C. § 1981, the

Georgia Constitution, and various state tort law claims.  It is before the Court on

the Magistrate Judge's Report and Recommendation ("R&R") [36] on Defendant's

Motion to Dismiss ("Def. Mot. to Dismiss") [23] and the Magistrate's Order

("Recusal Order") [42] Denying Plaintiffs' Motion to Disqualify the Magistrate

("Mot. to Recuse") [39].  Defendants filed their Objections to the R&R on

---

[1] Asif Siddiqui is a former employee of Defendant Georgia Technology
Authority ("GTA"), and Rizi Aznita is his wife.

December 21, 2006.  (Def. Obj. [38].)  Plaintiff only objects to the Magistrate Judge's Recusal Order.[2] [45].

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Defendant has objected. The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  In evaluating Plaintiffs' Objection to the Recusal Order, the Court "reconsiders the decisions of the Magistrate Judge on non-dispositive matters under a clearly erroneous standard of review."  Reed v. Okereke, No. 1:04-cv-1064-JOF, 2006 U.S. Dist. LEXIS 59308, at *16 (N.D. Ga. Aug. 22, 2006) (citing 28 U.S.C. § 636(b)(1)(A)).  The parties do not object to the Magistrate Judge's findings of fact in the R&R and Recusal Order and, finding no plain error, the Court adopts the facts set forth in the R&R and the Recusal Order.

---

[2] Plaintiffs also filed a "Motion for Reconsideration" of the Magistrate Judge's Recusal Order [46], which is identical to their Objection.  Both request the district court to review the Recusal Order, thus the Court interprets both as Objections to the Magistrate Judge's Recusal Order.

## I.   **BACKGROUND**

### A.   Procedural History

Plaintiffs filed this action on June 9, 2006, alleging that Defendants discriminated against and harassed Mr. Siddiqui, and eventually terminated him, on the basis of his race and national origin.  On August 10, 2006, Plaintiffs filed their First Amended Complaint asserting 26 claims against the Georgia Technology Authority ("GTA") and Thomas E. Wade, Melissa T. Haynie, Charles Robinson, Luis Grafals, Renee Herr, Joyce Goldberg, Margaret H. Kidd, Christopher S. Tomlinson, Mark W. Reardon, and Cigdem Delano in their individual and official capacities.

On September 20, 2006, Defendants moved to dismiss each count of Plaintiffs' First Amended Complaint, except the Title VII claims asserted against Defendant GTA.  (Mot. to Dismiss [23].)  On December 13, 2006, Magistrate Judge Vineyard issued his Report and Recommendation, recommending the Court dismiss the majority of Plaintiffs' claims.  On December 21, 2006, Defendants filed their Objections to the R&R.  (Def. Obj. [38].)  On December 28, 2006, Plaintiffs filed their Motion for Recusal, arguing that Magistrate Judge Vineyard should disqualify himself under 28 U.S.C. § 455 on the grounds that his previous

employment at the United States Attorney's Office for the Northern District of
Georgia brought his impartiality into question.  (Mot. to Recuse [39].)  On January
4, 2007, Magistrate Judge Vineyard denied Plaintiffs' Motion to Recuse.  (Recusal
Order [42].)  On January 16, 2007, Plaintiffs filed their Objection to the Magistrate
Judge's Order Denying Recusal.  (Pl. Obj. [45].)

II.  **DISCUSSION**

A.  The Magistrate Judge's R&R

Defendants moved to dismiss almost all of Plaintiffs' claims.  The
Magistrate Judge held that GTA, as an arm of the state, and the individual
defendants sued in their official capacities as GTA employees are immune from
suit under §§ 1981, 1983, 1985, and all state law claims because they are entitled to
Eleventh Amendment immunity.  Consequently, the Magistrate Judge found that
all of Plaintiffs' federal and state law claims against GTA and the individual
defendants in their official capacities, other than Siddiqui's Title VII claims against
GTA (for which immunity has been waived by Congress), are barred and must be
dismissed.  (R&R, at 14.)

The Magistrate Judge declined to dismiss Plaintiffs' § 1981 claim (Count 9).
(R&R, at 15.)  The Magistrate Judge held that where the defendants are state

-4-

actors, a plaintiff may not bring an independent claim under § 1981, but must assert it through § 1983.  The Magistrate Judge held that rather than dismiss the § 1981 claim, the § 1981 claim should be considered merged into the § 1983 claim, and only the § 1983 claim would be addressed.

The Magistrate Judge also found that the individual defendants could not assert qualified immunity as to Plaintiffs' § 1983 Fourteenth Amendment equal protection claim (Count 1) asserted against the defendants in their individual capacities.  The Magistrate Judge reasoned that Plaintiffs alleged a deprivation of a constitutional right that was clearly established when the individual defendants allegedly created a hostile work environment.  (R&R, at 24.)  The Magistrate Judge held that the individual defendants, however, were entitled to qualified immunity regarding Plaintiffs' § 1983 due process claim (Count 2) asserted against them in their individual capacities because Plaintiffs had not shown that their procedural due process rights were violated.  The Magistrate Judge also held that Plaintiffs' § 1983 claim based on an alleged violation of the right to the presumption of innocence (Count 3) should be dismissed in the absence of any federal law or constitutional provision clearly establishing an employee's right in the civil context to be presumed innocent by an employer.  (R&R, at 28.)  The Judge held further

that Plaintiffs' § 1983 claim brought against defendants Wade and Delano in their individual capacities, for failure to properly train GTA employees in anti-discrimination practices, was not required to be dismissed.  The Magistrate Judge reasoned that Wade and Delano were not entitled to qualified immunity on that claim because there was clearly established federal law that employees may not be subjected to discriminatory practices, and Wade and Delano could potentially be liable for failing to train their subordinates (1) regarding the prohibition against discrimination and (2) to not engage in discriminatory conduct.      The Magistrate Judge found that Plaintiffs' claims for violations of the constitutional right to intimate association should be dismissed because Plaintiffs did not show a violation of a clearly established law, and Plaintiffs' conspiracy claims were barred by the intracorporate conspiracy doctrine.  The R&R further found that all of Plaintiffs' state tort claims were barred by the Georgia Tort Claims Act and that the individual defendants were entitled to official immunity on the state law allegations.

     B.    <u>Defendants' Objections to the R&R</u>

Defendants assert two objections to the R&R.  First, Defendants object to the Magistrate Judge's conclusion that Plaintiffs' § 1981 claim merged with

Plaintiffs' § 1983 Equal Protection claim. Defendants argue the § 1981 claims are required to be dismissed. Second, Defendants object to the Magistrate Judge's conclusion that Wade and Delano are not entitled to qualified immunity as to Plaintiffs' failure to train claim. Defendants argue that the Constitution and federal law have not clearly established that supervisors are required to train employees regarding anti-employment discrimination policies and procedures.

1.      *Plaintiffs' § 1981 Claim*

In cases involving claims against state defendants, § 1983 provides the exclusive damages remedy for the violation of rights guaranteed by § 1981. Butts v. County of Volusia, 222 F.3d 891, 893 (11th Cir. 2000). The Magistrate Judge reasoned that because Defendants are state actors, Plaintiffs' § 1981 claim merges into their § 1983 claim, thus the merged § 1981 claim is not required to be dismissed. The Magistrate Judge held that he would treat the § 1981 and § 1983 claims as a single claim and evaluate the claims only under § 1983. Defendants argue that the Magistrate Judge erred in failing to dismiss Plaintiffs' § 1981 claim. The distinction sought to be made by Defendants is not material.

The Eleventh Circuit and various district courts have stated that because § 1983 is the sole remedy for a § 1981 claim against state actors, where a plaintiff

asserts a § 1981 claim, it merges into the § 1983 claim that is asserted.  Other

courts have differed slightly in their approach, using the "merger" language but

holding that because the two claims merge, the § 1981 claim should be dismissed.

Moore v. Ala. Dep't of Corr., 137 Fed. Appx. 235, 237 (11th Cir. 2005)

(unpublished opinion); (noting that "in a case involving state actors, there is no

liability under § 1981, and such claims merge into the § 1983 claims"); see also

Reed v. Okereke, 2006 U.S. Dist. LEXIS 59308, at ** 7, 19 (N.D. Ga. Aug. 22,

2006) (Forrester, J.) (adopting the magistrate judge's finding that Plaintiffs' claims

under 42 U.S.C. § 1981 "effectively merge" into his section 1983 claims and the

claims should be addressed together); Hyath v. City of Decatur, 2006 U.S. Dist.

LEXIS 21184, at *13 (N.D. Ga. Mar. 28, 2006) (Carnes, J.) ("Thus, the Court will

not separately consider plaintiff's claim under § 1981, which effectively merges

into his section 1983 claim."); Matthews v. City of Dothan, 2006 U.S. Dist. LEXIS

91711, at *13 (M.D. Ala. Dec. 18, 2006) ("Where the defendants are actors under

color of state law, claims under § 1981 and § 1983 merge[,] . . . and [b]ecause

§ 1981 provides no broader remedy than § 1983, the claims are merged and treated

as a § 1983 claim.").  But compare Douglas v. Dekalb County, 2007 U.S. Dist.

LEXIS 14406, at *7 (N.D. Ga. Feb. 26, 2007) (Thrash, J.) (granting defendants'

motion to merge plaintiff's § 1981 claim with his § 1983 claim and holding that plaintiff's independent § 1981 claim, "to the extent that he was alleging one, is dismissed"); Casey v. Clayton County, 2006 U.S. Dist. LEXIS 19424, at *17 (N.D. Ga. Mar. 30, 2006) (Story, J.) (holding that because § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981, plaintiff's § 1981 claims merge into her § 1983 claims and defendants' motion for summary judgment on plaintiff's "§ 1981 claims as independently sustainable causes of action" is granted); Bailey v. Town of Lady Lake, 2006 U.S. Dist. LEXIS 50256, at *10 (M. D. Fla. July 20, 2006) ("Because § 1981 provides no different remedies against a state actor than § 1983, and since they merge into one another, [plaintiff's] claims against the individual Defendants–in both their individual and official capacities–under § 1981 no longer exist and are due to be dismissed with prejudice.").

This debate is one of form over substance.  The Magistrate Judge held that Plaintiffs may not assert an independent § 1981 claim, but chose to deem the claim "merged" rather than "dismissed."  Either way, Plaintiffs do not have an independent cause of action based upon § 1981.  The Magistrate Judge's reasoning

and ruling is sound, and Defendants' objection to this recommendation by the Magistrate Judge is overruled.[3]

>    2.    *Plaintiffs' Failure to Train Claim*

Defendant next objects to the Magistrate Judge's determination that the individual defendants, Wade and Delano, are not entitled to qualified immunity as to Plaintiffs' failure to train claim.  (Def. Obj., at 2.)  Defendants argue they are entitled to qualified immunity because the Constitution and federal law do not clearly establish that managers are required to train their employees regarding employment discrimination policies and procedures.  (Id.)

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003) (citations and quotations omitted).  The process for analyzing a defense of qualified immunity is well established:

>    To be eligible for qualified immunity, the official must first establish
>    that he was performing a "discretionary function" at the time the

---

[3]  To the extent these merged claims require that § 1981 claims to be dismissed, the Court dismisses the § 1981 claim.

alleged violation of federal law occurred.  Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity.  In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things:  (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it.

Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).

"A right is clearly established if, in light of preexisting law, the unlawfulness of the official's conduct is apparent." Cooper v. Dillon, 403 F.3d 1208, 1220 (11th Cir. 2005).  This standard does not require a previous finding that the specific conduct in question was unlawful; the state of the law only must give an official "fair warning" that his conduct is unlawful.  Id. (citing Hope v. Pelzer, 536 U.S. 730, 741 (2002)).  Qualified immunity "ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful."  Id.  "[T]he relevant question on a motion for summary judgment based on a defense of qualified immunity is whether a reasonable official could have believed his or her actions were lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred."  Stewart v. Baldwin County Bd. of Educ., 908 F.2d 1499, 1503 (11th Cir.1990).

Defendant challenges the Magistrate Judge's determination that Plaintiffs met their burden to show that the constitutional right Defendant violated was "clearly established" at the time.  The Court agrees with the Magistrate Judge that Plaintiffs have presented sufficient evidence on this issue.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted."  Hyath, 2006 U.S. Dist. LEXIS, at * 49.  "[T]his question boils down to whether the state of the law, at the time of the incident, gave "fair warning" to the official that his conduct was unlawful."  Id. at * 49-50.

At the time of the incidents at issue, the law regarding supervisory liability was clearly established.  "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior."  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).  "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."  Id.  This causal connection can be shown "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  Id.          The

-12-

Eleventh Circuit also held that "[a] supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates *unless his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains*." Belcher v. City of Foley, 30 F.3d 1390, 1397 (11th Cir. 1994) (emphasis added).[4]

Defendants offer no authority where the Eleventh Circuit has limited this supervisory liability principle only to Eighth Amendment cases.  At the time of the allegedly discriminatory acts, it was "patently obvious" that intentional, race-based discrimination in public employment was prohibited.  Smith, 45 F.3d at 407.  The Magistrate Judge properly held that there is a clearly established right for an employee not to be discriminated against or harassed on the basis of his race or national origin, and Plaintiffs have alleged a "significant history of abuse by management and supervisors that called for corrective measures and none were taken, thus resulting in the alleged constitutional deprivations."  (R&R, at 31.)

_____

[4] Moreover, the Eleventh Circuit has applied this theory outside the context of the Eight Amendment.  Farred v. Hicks, 915 F.2d 1530, 1533 (11th Cir. 1990) (finding that plaintiff could assert a failure to train claim because he sufficiently alleged that the police department failed to effectively train officers not to unlawfully detain a person without probable cause to arrest).

Qualified immunity requires that an official has "fair warning" that his actions are unlawful before the official can be subjected to suit.  Here, Wade and Delano had fair warning that, as supervisors, they could be liable for discrimination by their subordinates when their was a causal connection between their actions and the violations and when their failure to train their subordinates resulted in violations of Plaintiffs' rights.  Defendant's objection to the Magistrate Judge's recommendation on this issue is overruled.

    C.    <u>Plaintiffs' Objections to the Recusal Order</u>

The Court reviews the Magistrate Judge's ruling on a Motion for Recusal under a clearly erroneous standard.  <u>See</u> Fed. R. Civ. P. 72(a) (stating that for nondispositive matters "[t]he district judge . . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law").  Plaintiffs moved the Magistrate Judge to disqualify himself pursuant to 28 U.S.C. § 455, arguing that the Magistrate Judge was previously employed by the United States Attorney's Office for the Northern District of Georgia and, during his employment, may have worked in close association with the Office of the Attorney General of Georgia and its staff, which

Plaintiffs contend were closely involved in the actions giving rise to their case.[5]
(Recusal Order, at 1.)

The Magistrate Judge stated that while serving in the United States
Attorney's Office, he interacted with the Office of the Attorney General of Georgia
on certain cases, but did not participate in or have knowledge of the claims asserted
by Plaintiffs.  The Magistrate Judge stated that he did not participate in any way in
this case, never expressed an opinion concerning the matters in this case, and was
unaware of Plaintiffs' case until it was assigned to him.  (Recusal Order, at 2-3.)
The Magistrate Judge noted that although Plaintiffs received notice on October 23,
2006, that this case had been reassigned to him, they did not raise the recusal issue
until December 28, 2006–after the Magistrate Judge made adverse rulings against
Plaintiffs in his R&R.  (Id. at 4.)

Section 455 provides, in pertinent part:

> (a) Any justice, judge, or magistrate [magistrate judge] of
> the United States shall disqualify himself in any

---

[5] Plaintiffs also request oral argument on this issue.  (Pl. Obj. to Recusal
Order [45], at 2.)  The Court finds that a further hearing will not be helpful to the
Court.  See L.R. 7.1E, N.D.Ga. ("Motions will be decided by the court without oral
hearing, unless a hearing is ordered by the court.").  Plaintiffs' Request for Oral
Argument is therefore **DENIED**.

proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

28 U.S.C. § 455(a), (b).  Plaintiffs moved to disqualify the Magistrate Judge under

subsection (a) based on his former service as an Assistant United States Attorney

("AUSA").[6]

The standard for recusal under § 455(a) is objective, that is, "whether an

objective, disinterested, lay observer fully informed of the facts would entertain a

significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855

F.2d 1510, 1524 (11th Cir. 1998).  The Magistrate Judge held that because he did

not participate as counsel, advisor, or material witness in Plaintiffs' case, never

---

[6] The R&R noted that the relevant portions of subsection (b) are also helpful in the analysis.

expressed an opinion concerning the case, had no personal knowledge of Plaintiffs'
case until it was assigned to him, and had no bias in favor of either party, there was
no appearance of impropriety and Plaintiffs' Motion for Recusal should be denied.
The Court agrees.

      The Court initially notes that in their Objections to the Recusal Order,
Plaintiffs criticize the conduct of opposing counsel, Mr. Reddy.  (Pl. Obj. to
Recusal Order [45], at 4-7.)  Mr. Reddy's conduct is irrelevant to the issue of
whether Magistrate Judge Vineyard should recuse himself from this case.
Plaintiffs further state that, during a discovery dispute, Mr. Reddy informed
Plaintiffs that he contacted Magistrate Judge Vineyard's clerk to ask whether a
conference call was required before filing a motion to compel.  Plaintiffs complain
that the clerk did not disclose this communication and also argue the
communication itself was improper.  Plaintiffs also complain that, during an
attempt to schedule a hearing in chambers, Judge Vineyard's clerk scheduled the
conference for a time inconvenient for Plaintiff Aznita, and did not immediately
respond when Siddiqui informed her that Aznita could not appear in person at the

time proposed.[7]  Plaintiffs argue that these events and Mr. Reddy's conduct "give rise to an appearance of impropriety." (Id. at 7.)

Complaints involving a scheduling conflict, a clerk's failure to immediately return an email, and opposing counsel's contact with the clerk–not the magistrate judge–and subsequent disclosure to Plaintiffs of the contact, do not give rise to an appearance of partiality.  The Court finds that an objective, disinterested, lay observer fully informed of the facts would not significantly doubt the Magistrate Judge's impartiality in this case.  The Magistrate Judge's ruling was not clearly erroneous.  Indeed, the Magistrate Judge correctly found that there was no

---

[7]  Plaintiffs admit that though they filed a motion requesting rescheduling of the conference, Judge Vineyard's clerk both emailed and telephoned to inform them that the request for a continuance was denied.  Plaintiffs also admit they did not check their e-mail or voicemail until two days after the scheduled date for the conference and therefore did not receive the messages on time.  (Pl. Obj. to Recusal Order, at 11.)  This is also the basis of Plaintiffs' Objection to Magistrate Judge Email Order of January 3, 2007 [43].  Upon filing the motion to reschedule the conference, Plaintiffs should not have assumed their motion would be granted, and unless it was granted, Plaintiffs were required to attend the conference. Plaintiffs certainly should have checked their e-mail and voicemail to determine whether their motion to reschedule was granted.  Plaintiffs were aware there was a conference scheduled for January 3, yet did not ascertain whether the conference was still scheduled, nor did they determine whether their motion was granted, until two days after the conference.  Plaintiffs' Objection [43] is **OVERRULED**.

appearance of impropriety and that he should not recuse himself from the case.
Plaintiffs' Objection to the Recusal Order is overruled.

**III.    CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate
Judge's Report and Recommendation [36], and Defendant's Motion to Dismiss
[23] is **GRANTED** in part and **DENIED** in part pursuant to the Magistrate Judge's
R&R and this Order.  Plaintiffs' Objection to the Recusal Order [45] and Objection
to the Magistrate Judge Email Order of January 3, 2007 [43] are **OVERRULED**.
Plaintiffs' Motion for Reconsideration of the Recusal Order [46] is **DENIED**.

**SO ORDERED** this 2nd day of April, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE